KYLE SCHUMACHER (BAR #121887)
kschumacher@sagarialaw.com
**SAGARIA LAW, P.C.**
3017 Douglas Blvd., Ste. 200
Roseville, CA 95661
408-279-2288 ph
408-279-2299 fax

Attorneys for Plaintiff
William Walters

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON – PORTLAND DIVISION

| | |
|---|---|
| WILLIAM WALTERS**,**<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>Umpqua Bank, N.A., and DOES 1 through 100 inclusive**,**<br><br>　　　　　　　Defendants. | CASE NO. 3:18-cv-01017<br><br>PLAINTIFF'S COMPLAINT FOR DAMAGES:<br><br>1. Violation of the Telephone Consumer Protection Act |

COMES NOW Plaintiff William Walters an individual, based on information and belief, to allege as follows:

**INTRODUCTION**

1. This is an action for damages brought by an individual consumer for Defendant's violation of the Telephone Consumer Protection Act 47 U.S.C. §227, *et seq.* (hereinafter "TCPA"), which prohibits the use of automated dialing equipment when making calls to consumers.

2. Plaintiff brings this action against Defendant Umpqua Bank (hereinafter "Umpqua") for its abusive and outrageous conduct in connection with debt collection activity.

3. While may violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. The TCPA was designed to prevent calls like the ones described herein, and to protect the privacy of citizens like Plaintiff, and by enacting the TCPA, Congress intended to give

consumers a choice as to how corporate entities may contact them and to prevent the nuisance associated with automated or prerecorded calls.

## JURISDICTION & VENUE

5. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 1367, and 47 U.S.C. § 227.

6. This venue is proper pursuant to 28 U.S.C. §1391(b).

## GENERAL ALLEGATIONS

7. Plaintiff William Walters (hereinafter "Plaintiff") is an individual residing in the state of Oregon and is a "debtor."

8. At all relevant times herein, Defendant Umpqua engaged, by the use of mail, email, and telephone, in the business of collecting a debt from Plaintiff, and a "consumer debt."

9. At all relevant times, Defendant acted as a "debt collector."

10. Plaintiff opened an account with Umpqua in approximately September of 2016.

11. The account Plaintiff opened from Defendant Umpqua was related primarily to personal, family or household purposes and is therefore a "debt."

12. Defendant Umpqua has been attempting to collect on a debt that originated from monetary credit that was extended primarily for personal, family, or household purposes, and was therefore a "consumer credit transaction."

13. Because Plaintiff, a natural person allegedly obligated to pay money to Defendant Umpqua arising from what Plaintiff is informed and believes was a consumer credit transaction, the money allegedly owed was a "consumer debt."

14. Plaintiff is informed and believes that Defendant is one who regularly collects or attempts to collect debts on behalf of themselves, and is therefore a "debt collector."

15. Plaintiff's account was an unsecured loan and Plaintiff began making payments on the accounts.

16. Plaintiff began making payments on the account before he became financially unable to keep up with the monthly payments.

17. Defendant Umpqua began contacting Plaintiff in February of 2018 to inquire about the status of the account and to collect on the payments that were no longer being made.

18. Plaintiff retained counsel to assist in dealing with Umpqua debt and to seek some type of financial relief.

19. Plaintiff sent a letter to Umpqua on or about February 14, 2018 informing Umpqua that he was revoking any prior consent that may have been given to be contacted on his cellular telephone.

20. Plaintiff believes his revocation letter was received by Umpqua on February 20, 2018.

21. Plaintiff informed Umpqua that he was revoking his consent, if it was ever previously given, to be called on his telephone in February of 2018.

22. Plaintiff was frustrated that Umpqua continued to make unsolicited calls on his cellular telephone after contacting Umpqua to revoke his consent.

23. Plaintiff denies he ever gave his express consent to be contacted on his cellular telephone by automatic dialing machines and pre-recorded messages.

24. Defendant Umpqua continued to contact Plaintiff between approximately February 20, 2018 – June 4, 2018; the type of contact was through phone calls to Plaintiff on his cellular telephone.

25. Despite notice being sent Defendant continued to contact Plaintiff on his cellular telephone regarding collection of his outstanding debt.

26. Umpqua ignored Plaintiff's letter of revocation and continued to contact him for at least three months following receipt of Plaintiff's letter.

27. Umpqua's calls were frequent in nature and continued despite receiving written confirmation that he was revoking any consent that may have been previously given to be called on his cellular telephone.

### FIRST CAUSE OF ACTION
(Violation of the TCPA)
(47 USC § 227)
(Against Defendant and Does 1-100)

28. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

29. Since at least January of 2018 Defendant started calling Plaintiff's cellular telephone requesting that payment be made on the accounts Plaintiff held with Defendant.

30. Plaintiff informed Defendant that he was revoking consent to be contacted by Umpqua in February of 2018.

31. Umpqua continued to call Plaintiff frequently since Plaintiff withdrew his consent to be contacted by an automatic dialing machine.

32. Defendant would contact Plaintiff frequently regarding payment on the accounts.

33. Defendant placed the above cited calls using an artificial or prerecorded voice to deliver the collection messages without Plaintiff's prior express consent.

34. Defendant contacted Plaintiff on at least twenty (20) separate occasions after Plaintiff informed Defendant he did not wish to be contacted on his cellular telephone and withdrew any prior consent that may have been given.

35. All calls placed by Defendant to Plaintiff utilized an "automatic telephone dialing system" as defined by 47 U.S.C. §227(a)(1).

36. These calls were made to Plaintiff's cellular telephone and were not calls for an emergency purposed as defined by 47 U.S.C. §227(b)(1)(B).

37. These telephone calls by Defendant, or its agent, violated 47 U.S.C. §227(b)(1)(B).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

    **a.** An award of statutory damages of $1,500.00 pursuant to 47 U.S.C. §227(b)(3)(C) for each and every violation.

    **b.** Pursuant to 47 U.S.C. §227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

    **c.** Pursuant to 15 U.S.C. 1692(k) both actual damages and statutory damages in an amount to be proven at trial.

SAGARIA LAW, P.C.

Dated: June 8, 2018     By:     */s/ Kyle Schumacher*
Kyle Schumacher
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of this matter by jury.

SAGARIA LAW, P.C.

Dated: June 8, 2018     */s/ Kyle Schumacher*
Kyle Schumacher
Attorneys for Plaintiff